IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| MORGAN GLOBAL, PLLC, <br><br> *Plaintiff*, <br> vs. <br><br> DISNEY ENTERPRISES, INC., <br><br> *Defendant*. | Civil Action No. <br><br> **JURY TRIAL DEMANDED** |

### DECLARATORY JUDGMENT COMPLAINT

Plaintiff, Morgan Global, PLLC ("Morgan & Morgan"), files this Declaratory Judgment Complaint ("Complaint") against Defendant, Disney Enterprises, Inc. ("Disney"), and alleges as follows based on knowledge of its own actions and on information and belief as to all other matters:

### NATURE OF THE ACTION

1. Morgan & Morgan brings this declaratory-relief action under 28 U.S.C. §§ 2201-2202 and Fed. R. Civ. P. 57, seeking a declaration that its proposed advertisement, incorporating an adaptation of the 1928 animated short film "Steamboat Willie" ("Steamboat Willie") for which the U.S. copyright has expired, does not infringe any trademark rights or other intellectual property rights claimed by Disney and does not violate 15 U.S.C. § 1125(a) or any other provisions of the Lanham Act. A version of the proposed advertisement (the

1

"Advertisement") can be viewed at the following link:

https://docsend.com/view/q9x3bdin5vy9cst8.

2. In pre-suit correspondence to Chief Legal and Compliance Officer Horacio Gutierrez, Esq. on July 15, 2025 ("Morgan Letter"), Morgan & Morgan provided Disney with a link to the Advertisement, and informed Disney of its intention to broadcast the Advertisement nationwide over television, online, and through social media channels. A copy of the Morgan Letter is attached as **Exhibit "A**."

3. The Morgan Letter noted that the copyright in "Steamboat Willie" expired on January 1, 2024, and that the property has, since that date, entered the public domain. As noted in the Letter, the Advertisement includes prominent disclaimers (visual and verbal) that make clear to the public that there is no affiliation or connection between Morgan & Morgan, or the Advertisement, and Disney.

4. Given the uncertainty over Disney's assertion of its intellectual property rights, notwithstanding the expiration of the "Steamboat Willie" copyright, Morgan & Morgan sought confirmation that Disney would not allege the Advertisement violated any copyright or trademark rights, or any other intellectual property rights, that Disney may currently claim in connection with "Steamboat Willie." *See* Exhibit A.

5. The Morgan Letter concluded by asking Disney if it deems the broadcast of the Advertisement a violation of its intellectual property rights, and if so, to identify the bases for any such belief or claim. *See* Exhibit A.

6. On July 29, 2025, Disney responded (the "Disney Response"), acknowledging receipt of the Morgan Letter to Mr. Gutierrez, inviting further communication with Gloria Shaw, Office of Counsel, and including a vague substantive response that referred to the expired U.S. copyright in the motion picture "Steamboat Willie (1928)." The Disney Response noted that Disney continued to hold certain related trademark rights. A copy of the Disney Response is attached as **Exhibit "B."**

7. Rather than confirm whether Disney would take action against Morgan & Morgan for using the Advertisement, the Disney Response stated that it did not provide legal advice to third parties, and would not provide such advice in response to the Morgan Letter. *See* Exhibit B.

8. The Morgan Letter had not requested legal advice, it sought confirmation that Disney would not allege the Advertisement violated Disney's intellectual property rights.

9. In fact, Morgan & Morgan learned that Disney had filed an action in the Central District of California, on July 16, 2025, the day after the Morgan Letter, asserting intellectual property claims against a jewelry company whose designs

3

depicted characters from the "Steamboat Willie" cartoon. A copy of the Complaint, *Disney Enterprises, Inc. v. Red Earth Group Limited, d/b/a Satéur*, No. 2:25-cv-06469 (C.D. Ca. July 16, 2025), is attached as **Exhibit "C."**

10. Disney's history of aggressive enforcement of intellectual property rights, including recent trademark litigation against third parties using the same public-domain work, combined with Disney's refusal to disclaim an intent to engage in enforcement against Morgan & Morgan's proposed use, has created a real, immediate, and substantial controversy.

11. Morgan & Morgan faces a credible anticipation and threat of litigation that is causing ongoing business harm and chilling its lawful use of public-domain content.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction under 28 U.S.C. §1331 because this action arises under the laws of the United States, including the Lanham Act, 15 U.S.C. §§ 1114, 1115.

13. Jurisdiction is also proper under 28 U.S.C. § 1338(a) and under 28 U.S.C. §§ 2201-2202.

14. Disney is subject to personal jurisdiction in Florida because it conducts substantial business in this State, has purposefully availed itself of the privilege of conducting activities here, and its conduct gives rise to this controversy.

15. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred here, and because Morgan & Morgan and Disney reside in this District.

## PARTIES

16. Plaintiff Morgan Global, PLLC is a professional limited liability company, having an address and a principal place of business at 20 North Orange Avenue, Suite 1600, Orlando, Florida, and is related to Morgan & Morgan, the country's largest personal injury law firm. Morgan & Morgan employs over 1,000 lawyers – licensed in all 50 states – and is well-known for its television, digital and outdoor advertising.

17. Defendant Disney Enterprises, Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in Burbank, California. Disney Enterprises, Inc. owns and licenses various intellectual property rights related to various Disney characters, including Mickey Mouse and Minnie Mouse and associated properties.

## FACTUAL ALLEGATIONS

18. The "Steamboat Willie" cartoon was first published in 1928 and is widely recognized in popular culture as the first appearance of the Mickey Mouse cartoon character before the public.

19. Disney's U.S. copyright for "Steamboat Willie" has expired, and the work is now in the public domain, free for anyone to use without license.

20. Mindful of the expiration of copyright, Morgan & Morgan created the Advertisement incorporating certain visual elements from "Steamboat Willie" in a manner consistent with its public domain status.

21. Morgan & Morgan is known for its ongoing, extensive and highly creative media advertising. As with its other advertising, Morgan & Morgan's Advertisement promotes the Morgan & Morgan law firm and its legal services, not goods or services that compete with any product or service of Disney.

22. The Advertisement includes express and prominent visual and verbal disclaimers of any affiliation, sponsorship, or endorsement by Disney.

23. Disney claims to own federal trademark registrations for certain names, designs, and characters portrayed in "Steamboat Willie," including for the Mickey Mouse and Minnie Mouse characters.

24. Disney has a well-documented history of aggressively enforcing its asserted trademark rights, including filing infringement suits against parties using depictions of "Steamboat Willie" characters despite their public domain status.

25. For example, on July 16, 2025, the day after Morgan & Morgan sent the Morgan Letter to Disney, Disney filed a trademark infringement and false designation of origin lawsuit in the United States District Court for the Central

6

District of California against a third party for selling goods that incorporated elements from "Steamboat Willie," even though the underlying copyright had expired and even though the defendant had disclaimed any connection to Disney. In paragraph 42 of that complaint, Disney alleged:

> The expiration of the U.S. copyright in *Steamboat Willie* does not give [Defendant] license to infringe Disney's continuing rights over its trademarks that identify Disney as the source of goods and services and to profit off the goodwill that Disney has built with the public over decades. As Disney has stated publicly, while copyright expired in the Steamboat Willie motion picture, Mickey Mouse will continue to play a leading role as a global ambassador for Disney

*See* Exhibit C, ¶ 42.

26. Despite Morgan & Morgan's attempts to confirm that Disney would refrain from seeking to enforce claimed intellectual property rights against Morgan & Morgan for its use of the Advertisement, Disney refused to disclaim any intention to sue Morgan & Morgan if it proceeded to broadcast the Advertisement.

27. Disney's refusal to disclaim enforcement, its history of aggressive litigation over substantially similar uses, and its recent lawsuit against a third party, create a reasonable apprehension that Disney will sue Morgan & Morgan if it proceeds with the planned use of the Advertisement.

28. As a result, Morgan & Morgan is presently and adversely affected by an actual, substantial controversy with sufficient immediacy and reality to warrant declaratory relief by this Court.

29. Morgan & Morgan has and will suffer actual damages by virtue of Disney's conduct.

30. In addition, Morgan & Morgan faces irreparable harm, including loss of marketing opportunities, chilled speech, and uncertainty affecting its business.

## CLAIMS FOR RELIEF

### COUNT I
### DECLARATORY JUDGMENT OF
### NON-INFRINGEMENT OF TRADEMARK (15 U.S.C. § 1114)

31. Morgan & Morgan incorporates the allegations in Paragraphs 1-30 of the Complaint as though fully set forth herein.

32. Morgan & Morgan's Advertisement does not infringe any valid trademark rights claimed by Disney.

33. The "Steamboat Willie" cartoon elements used in the Advertisement are in the public domain, and Morgan & Morgan's services are unrelated to any goods or services offered by Disney.

34. No likelihood of confusion exists, particularly in light of Morgan & Morgan's express disclaimers and the nature of the parties' respective product and service offerings.

35. An actual justiciable controversy exists regarding whether Morgan & Morgan's Advertisement infringes Disney's trademarks.

36. Morgan & Morgan is entitled to a declaration that the Advertisement is lawful and does not infringe Disney's trademark rights.

## COUNT II
### DECLARATORY JUDGMENT OF NON-VIOLATION OF 15 U.S.C. § 1125(A), FALSE DESIGNATION OF ORIGIN/UNFAIR COMPETITION

37. Morgan & Morgan incorporates the allegations in Paragraphs 1-30 of the Complaint as though fully set forth herein.

38. Morgan & Morgan's Advertisement does not falsely suggest sponsorship, endorsement, or affiliation with Disney.

39. Morgan & Morgan's use of the Advertisement is a lawful exercise of rights to use public domain works, with clear disclaimers to avoid any confusion.

40. An actual justiciable controversy exists as to whether Morgan & Morgan's Advertisement violates 15 U.S.C. § 1125(a).

41. Morgan & Morgan is entitled to a declaration that the Advertisement does not violate 15 U.S.C. § 1125(a).

## COUNT III
### DECLARATORY JUDGMENT OF NO TRADEMARK DILUTION – 15 U.S.C. § 1125(C); 28 U.S.C. §§ 2201-2202

42. Morgan & Morgan incorporates the allegations in Paragraphs 1-30 of the Complaint as though fully set forth herein.

43. An actual, justiciable controversy exists between Morgan & Morgan and Disney concerning whether Morgan & Morgan's planned use of elements from the

"Steamboat Willie" cartoon in Morgan & Morgan's Advertisement would constitute trademark dilution under 15 U.S.C. § 1125(c).

44. Morgan & Morgan intends to broadcast the Advertisement incorporating visual elements from the "Steamboat Willie" cartoon, with clear and prominent disclaimers that Morgan & Morgan is not affiliated with, sponsored by, or endorsed by Disney.

45. Disney claims to own certain famous trademarks allegedly associated with the "Steamboat Willie" characters and has a history of aggressively enforcing those trademarks, including against third parties who use the "Steamboat Willie" characters.

46. Morgan & Morgan's use of such elements does not constitute "dilution by blurring" under 15 U.S.C. § 1125(c)(2)(B) because, a) the imagery used is taken solely from the original "Steamboat Willie" cartoon and is now in the public domain and its use will not impair the distinctiveness of any valid mark owned by Disney; (b) the Advertisement will make no use of Disney's distinctive brand elements that are not part of the "Steamboat Willie" cartoon; and (c) the prominent disclaimers and overall context of the Advertisement make clear there is no association, sponsorship, or affiliation between Morgan & Morgan and Disney.

47. Morgan & Morgan's use of such elements does not constitute "dilution by tarnishment" under 15 U.S.C. § 1125(c)(2)(C) because Morgan & Morgan's

10

Advertisement does not use Disney's trademarks or characters in an unwholesome, unsavory, or negative manner, and does not otherwise harm their reputation.

48. Any similarity between Morgan & Morgan's Advertisement and Disney's marks arises from the lawful use of the "Steamboat Willie," public domain elements, which the dilution statute does not prohibit.

49. Accordingly, Morgan & Morgan is entitled to a declaratory judgment pursuant to 28 U.S.C. §§ 2201-2202 that Morgan & Morgan's Advertisement does not dilute any famous trademark owned by Disney within the meaning of 15 U.S.C. § 1125(c).

## COUNT IV
### DECLARATORY JUDGMENT OF NON-VIOLATION OF COMMON LAW OR STATUTORY UNFAIR COMPETITION LAWS

50. Morgan & Morgan incorporates the allegations in Paragraphs 1-30 of the Complaint as though fully set forth herein.

51. Morgan & Morgan's Advertisement does not unfairly compete with or damage or harm Disney in any way.

52. Morgan & Morgan's Advertisement is not deceptive, unethical or illegal, nor does it seek to gain an unfair advantage over competitors.

53. Morgan & Morgan does not offer any of the products or services offered by Disney.

54. Morgan & Morgan and Disney are not in competition.

55. Morgan & Morgan's use of the Advertisement is a lawful exercise of rights to use public domain works, with clear disclaimers to avoid any confusion.

56. An actual justiciable controversy exists as to whether Morgan & Morgan's Advertisement violates common law or statutory unfair competition laws.

57. Morgan & Morgan is entitled to a declaration that the planned use of the Advertisement does not violate common law or statutory unfair competition laws.

## PRAYER FOR RELIEF

**WHEREFORE**, based on the foregoing, Morgan & Morgan prays that this Court:

A. Declare that Morgan & Morgan's Advertisement does not infringe any trademark rights owned or asserted by Disney;

B. Declare that Morgan & Morgan's Advertisement does not violate 15 U.S.C. § 1125(a);

C. Declare that Morgan & Morgan's Advertisement does not dilute the distinctive quality of Disney's marks within the meaning of 15 U.S.C. § 1125(c);

D. Declare that Morgan & Morgan's Advertisement does not violate common law or statutory unfair competition law;

E.  Enjoin Disney from asserting trademark infringement or unfair competition claims against Morgan & Morgan based on the Advertisement;

F.  Declare Morgan & Morgan is the "prevailing party" in this action within the meaning of 15 U.S.C. § 1117(a).

G.  Award Morgan & Morgan its costs and reasonable attorneys' fees under 15 U.S.C. § 1117(a) or as otherwise permitted by law; and

H. Grant such other and further relief as the Court deems just and proper.

## JURY DEMAND

Morgan & Morgan requests a trial by jury for all issues so triable on its claims pursuant to Fed. R. Civ. P. 38(b) and 38(c).

Date:  September 17, 2025

**MORGAN GLOBAL, PLLC**

20 N. Orange Ave.
Suite 1600
Orlando, Florida 32801
Telephone: 407.236.5974
Facsimile: 407.245.3349
dprosser@forthepeople.com

By:  *Damien H. Prosser*
Damien H. Prosser
Florida Bar No.: 17455